ENRIQUE CAMPOS DEL TORO, demandante y apelado *v.* OFELIA COLLAZO VIUDA DE SOTORRA, GUILLERMO y JULIANA COLLAZO, CARMEN CLEOFE y UMBERTO MARTÍNEZ y TULIO VILLANUEVA, demandados y apelantes.

No. 5949.—*Sometido:* Febrero 15, 1932. *Resuelto:* Febrero 17, 1932.

*A. Reyes Delgado,* abogado de las apelantes; *E. Campos del Toro* por su propio derecho.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

El apelado solicita la desestimación del presente recurso por frívolo.

Los apelantes eran los demandados en un procedimiento de desahucio en precario. Su defensa principal fué un ataque colateral al título del demandante. Este había adquirido la finca en controversia como acreedor a cuyo favor se dictó una sentencia y como comprador en una subasta.

La teoría de los apelantes es que la subasta fué nula toda vez que había pendiente un recurso de apelación contra la sentencia en que se libró la ejecución. El escrito de apelación contra dicha sentencia fué radicado más de treinta días después que el secretario archivó copia de la notificación de tal sentencia. Los apelantes se fundan en el artículo 322 del Código de Enjuiciamiento Civil.

De acuerdo con los términos de la sección 2 de una ley aprobada el 9 de marzo de 1911 (leyes de ese año, pág. 226, Estatutos Revisados 5338) el término dentro del cual puede instituirse una apelación comienza desde la fecha en que el secretario archiva en los autos copia de la notificación de

la sentencia y no desde la fecha en que se notificó tal sentencia. El artículo 322 es por tanto inaplicable.

Empero, los apelantes dicen también que la casa en cuestión no fué identificada durante el juicio como la ocupada por los demandados. La demanda no estaba jurada. La contestación contenía una negación general. La sentencia concedía las costas al demandante. No tenemos ante nos la prueba aducida durante el juicio. En el estado en que el asunto se encuentra actualmente no estamos preparados para decir que deba permitirse que subsista la sentencia, incluyendo el pronunciamiento de costas.

*Debe declararse sin lugar la moción.*